# Beebe *v.* Robinson.

*Statutory Proceeding to compel delivery of Official Books, Papers, etc., to Successor in Office.*

1. *Tax-collector's term of office, as affected by act approved Dec. 17, 1873.*—Under the provisions of the act approved December 17, 1873, entitled "An act relating to the term of office of the several tax-collectors" (Sess. Acts 1873-4, p. 36), the term of office of the several collectors then in office was extended until the second Monday in April, 1875, with a proviso requiring the execution of a new bond ; and the collectors who were elected at the general election in November, 1874, could not enter on the active discharge of their duties until that day.

2. *Summary remedy to compel delivery of official books, papers, etc.; who may assert.*—The summary remedy to compel the delivery of books, papers, etc., unlawfully withheld by a person whose term of office has expired, is given only to the "qualified successor" in the office (Code, §§ 206-12); and when the petition is filed by a person who has been declared entitled to the office after a protracted contest, but whose term of office will expire on the earliest day at which the petition can be brought to a hearing, and the person by whom the office, with the books, papers, etc., has been unlawfully withheld, has been elected for the succeeding term, the petitioner is not entitled to the relief prayed.

APPEAL from the Probate Court of Montgomery.
Heard before the Hon. C. W. BUCKLEY.

This was a summary proceeding, commenced by petition filed on the 7th April, 1875, by Eugene Beebe, against Patrick Robinson, to compel the delivery of the books and papers pertaining to the office of tax-collector of Montgomery county. Beebe claimed the office by virtue of an appointment which he had received in August, 1874, and the decision of this court in his favor, in a statutory contest with said Robinson, as shown by the report of the case—*Beebe v. Robinson*, 52 Ala. 66. Robinson was elected to the office at the general election in November, 1871, and again in November, 1874. The decision of this court renders it unnecessary to state the facts, or to give the arguments of counsel on the points argued at the bar. The probate judge dismissed the petition, and his judgment is now assigned as error.

ELMORE & GUNTER, for the appellant.

[Beebe v. Robinson.]

RICE, JONES & WILEY, *contra.*

STONE, J.—The present case originated in a petition by appellant, filed April 7th, 1875, and addressed to the judge of probate of Montgomery county. Its object was to compel the appellee to deliver to petitioner books belonging to the office of tax-collector of Montgomery county, alleged to have been withheld after demand made. The proceeding is purely statutory, under article 6, chap. 1, title 5, part 1 of the Code, commencing in the Code of 1876 with section 206 (193). The remedy afforded by this article of the Code is to the "qualified successor" of the officer charged with withholding the books. A very ingenious and well-framed argument has been presented in behalf of appellant, claiming that the relief prayed for should have been granted. We infer, from the decree of the probate judge, found in the record, that several grounds of defense were relied on. We shall content ourselves with noticing but one. Beebe was appointed tax-collector in 1874, to fill a vacancy in the office, caused by Robinson's failure to execute an additional bond, as required pursuant to the report of the grand jury, that his official bond was insufficient. Beebe failed to obtain possession of the office, in consequence of proceedings instituted by Robinson; but those proceedings were unauthorized by law, and at the January term, 1875, of this court, the proceedings were dismissed; and this court decided that, from and after his appointment and qualification, Beebe became and was the rightful tax-collector of Montgomery county.—*Beebe v. Robinson*, 52 Ala. 66. This decision was pronounced after the termination of the regular three years term of office, to which Robinson had been elected in November, 1871.

It is claimed for Beebe that he was entitled to the office, and to its emoluments, during the extended term, for which the act "relating to the term of office of the several tax-collectors of this State," makes provision. That act was approved December 17, 1873.—Pamph. Acts, 36. Its provisions are, "That the several tax-collectors in this State, who shall be elected on the first Tuesday after the first Monday in November, A. D. 1874, and every three years thereafter, shall severally enter upon the discharge of their official duties on the second Monday in April next succeeding their election." The second section of the act provides, "That the term of office of the several tax-collectors of this State now in office, shall continue until the second Monday in April, 1875," with a proviso not necessary to be here noticed. Construing the two expressions together, we have no hesita-

[Beebe v. Robinson.]

tion in declaring, that the legislative intent was that the tax-collectors then in office should continue in office during all the time that would elapse before and up to the second Monday in April, 1875, and that the active duties of those who should be elected in November, 1874, would commence on the second Monday in April next ensuing. We come to this conclusion, because the duties of the successor were to commence *on* the second Monday in April. On that day, if he had previously qualified, he was authorized to perform official duties; and being so authorized, it follows that no other person could lawfully perform similar duties; for there could not be two tax-collectors in office *de jure*, at one and the same time, in one and the same county. The right of the one is incompatible with the right of the other, and disproves its existence.

We have said the petition in this case was filed on the 7th day of April, 1875. On that day, the judge of probate took jurisdiction, and made the appropriate orders. He also issued a notice to Robinson on that day, which was served on him on the 8th. He had, in his order, set the 12th April for the hearing—precisely five days after the petition was filed. Robinson then had four days' notice, which was certainly little time enough. The 12th day of April was Monday; and if the judge of probate had sought to speed the trial by shortening the time, he would necessarily have placed the hearing on Saturday, the 10th, which would have left to Robinson only two days' notice. When the case came up for trial, it was Robinson's privilege to show cause why he should not be compelled to deliver the books.—Code, § 207. Two days could scarcely be called reasonable notice of a proceeding as important as this was. We think the probate judge set the trial at as early a day as he should have done. The 12th day of April, 1875, was the second Monday of that month. No matter how clear Beebe's right may have been to hold the office during the extended term, that right had ceased to exist when the cause was taken up for trial, on the 12th. If the books were then wrongfully held by Robinson, they were wrongfully withheld from the successor elected in November, 1874, not from Beebe. To entitle the latter to a judgment ordering the books to be delivered to him, it was incumbent on him to show he had a legal, subsisting right to their custody at that time.

What we have said above, renders a decision of all other questions unnecessary.

The judgment is affirmed.